The judge in his charge to the jury stated that it was the duty of the sheriff to levy on personal property before real; and it must be taken, I think, that the law was so stated to strengthen the claim of the plaintiff and weaken the ground on which the defendant stood. In a contest between the defendant in the execution and the sheriff, *Page 183 
on account of the sheriff having levied on the real instead of (334) the personal property of the defendant, it would be indispensable so to declare the law to be; but between the plaintiff in the execution and the sheriff, such misconduct of the sheriff cannot be examined; it cannot be the ground of complaint or censure; and to have stated it in the present case may have thrown undue weight in the scale against the defendant.
It was very properly left to the jury to ascertain whether the levy on Jones' property, made on 15 January, 1819, was sufficient to satisfy the execution then levied. If it was sufficient I think the defendant ought to be excused, although it afterwards turned out not to be sufficient on account of its depreciation in value. But the judge again leaves it to the jury to ascertain whether "if the sheriff had levied on the whole of the goods in the store, the plaintiff's debt, with interest, would have been satisfied or not." This part of the charge seems to interfere with that which directed them to ascertain "whether the property levied on on 15 January, 1819, was sufficient to satisfy the execution levied on it"; because, although they found that it was sufficient and the defendant thereby excused, yet if they again found that in case he had levied on the whole of the goods in the store the debts with interest might have been satisfied, they must have found a verdict against him on that account, although they had just acquitted him of blame, because the lands and negroes levied upon on 15 January, 1819, were sufficient. I think the rule for a new trial should be made absolute.